■ In the Matter of RALPH B. TURNER, Respondent, against ARTHUR LEVITT, as Comptroller of the State of New York, et al., Appellants.— Appeal from a final order granted, in a proceeding in the nature of mandamus, under article 78 of the Civil Practice Act, by the Supreme Court, Special Term, Albany County, which (1) annulled the appellant Comptroller's order revoking a prior service certificate issued, for previous service as a deputy town clerk, to petitioner-respondent, a member of the State Employees' Retirement System, who has not applied for retirement, and (2) directed the reinstatement of said certificate. The proceedings herein involve various provisions of article 4 of the Civil Service Law existing prior to July 1, 1956 and reference will hereinafter be made to that act as then constituted. Petitioner's claim for prior service credit was made and, after initial denial and a subsequent hearing, was allowed pursuant to Civil Service Law (§ 60, subd. b, par. 3, as added by L. 1947, ch. 841, as amd.) and certificate of such service was on March 1, 1955 issued pursuant to paragraph 1 of subdivision h of that section. On February 21, 1956, the Attorney-General rendered to the Comptroller an opinion that the service rendered by petitioner as deputy town clerk did not constitute paid government service so as to entitle him to prior service credit therefor. The basis of this opinion was the language of section 93 of the Town Law of 1909 (as amd. by L. 1916, ch. 340; L. 1926, ch. 443) providing that such deputy should be paid by the *town clerk* and of subdivision 10 of section 30 of the present Town Law (L. 1932, ch. 634) which provided (after Jan. 1, 1934 and until petitioner's service as deputy ceased) that such deputy should " serve without compensation

from the town, unless otherwise provided by the town board". On February 23, 1956 and within one year from the issuance of the certificate of prior service, the Comptroller acted, purportedly under Civil Service Law (§ 60, subd. h, par. 3) to modify the certificate by disallowing all of the prior service credit thereby certified. Petitioner successfully contended at Special Term, and asserts here, that the statutory authority to "modify" permits only incidental and unsubstantial changes "such as the correction of a ministerial or clerical error in computation of time" and may not be extended to include "both a review and a reversal of a previous determination". Even under respondent's theory, however, the quantum of a prior service credit might, in a proper case, be so greatly reduced by modification as to render the certificate itself of no practical value or effect. Considering, as we do, that the Comptroller may, within the one-year period, recompute the credit so as to eliminate that portion of it erroneously allowed, we conceive no reason for a different rule when all of the credit was erroneously granted and should be disallowed, even though the effect of the modification, regardless of its purpose, is to nullify the effective operation of the certificate as such. In this case, moreover, is involved, or so the Attorney-General and the Comptroller opine, an illegal credit which would warrant revocation as such. (*People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252.) Respondent does not argue the merits of the determination, since he proceeds by way of mandamus, attacking the modification as an illegal act, while appellant, although urging the merits, concedes respondent's right to a review upon applying for retirement. (Civil Service Law, § 73.) We consider, further, that the Comptroller properly acted to modify the certificate without a hearing. The facts had been developed at the hearing which resulted in the original issuance of the certificate and the modification involved no factual determination. Our conclusion renders unnecessary a discussion of the objection in point of law raised by the Comptroller's answer. Order reversed, on the law, and petition dismissed, without costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.